UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

CYNTHIA WHITCHER )
)
    Plaintiff, )
)
v. ) Cause No. 08-cv-634 JPG
)
MERITAIN HEALTH, INC., and )
PROTESTANT MEMORIAL )
MEDICAL CENTER, INC., )
)
    Defendants. )

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motions to dismiss filed by defendants Meritain Health, Inc. ("Meritain") (Doc. 16) and Protestant Memorial Medical Center ("Memorial") (Doc. 17). Plaintiff Cynthia Whitcher has responded to the motions (Docs. 32 & 33), and the defendants have jointly replied to those responses (Doc. 34).

**I.    Standard for Dismissal**

The defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic*, the Supreme Court held that this requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl.*, 550 U.S. at 556).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

## II.  Facts Alleged

Accepting all the complaint's allegations as true, the Court finds the following essential facts for the purposes of the pending motions.

At all relevant times, plaintiff Whitcher was employed by defendant Memorial and was covered by the Protestant Memorial Medical Center, Inc. Employee Healthcare Plan ("Plan"), an employee welfare plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* The Plan explicitly identifies Memorial as the plan administrator, Plan § 1.66, and provides that it will select another entity as the claims administrator, Plan § 1.14. It has selected Meritain. The Plan also includes an administrative appeals process by which a

participant can appeal an adverse claim decision. Plan § 9.6.

Whitcher has suffered from morbid obesity and related disorders since at least March 1995. She tried various methods of weight reduction, but when none of her efforts produced the magnitude of weight loss desired, her doctor recommended she have bariatric surgery ("the Procedure"). She sought pre-certification under the Plan, but Meritain declined to pre-certify the Procedure on the grounds that she had not provided documentation that she had participated in a physician-monitored weight loss program. They encouraged her to provide such documentation or, if none existed, to participate in a physician-monitored weight loss program for six months, then submit the requested documentation so pre-certification could be reconsidered. Whitcher did not submit the requested documentation and underwent the Procedure despite the lack of pre-certification. In doing so, she accrued medical bills of approximately $27,725.

After the Procedure, Whitcher submitted a claim for those bills, and Meritain processed the claim and determined it should not be paid. Its determination was based on the fact that Whitcher had not submitted her claim first to the appropriate preferred provider organization ("PPO") as the Plan requires and that Whitcher did not submit the claim in the standard billing format. Meritain indicated that if Whitcher submitted her claims to the appropriate PPO first and in the appropriate format, it would reconsider her claim. Meritain also restated Whitcher's right to appeal the denial decision within 60 days of receiving notice of it. Memorial informed Whitcher's counsel of the denial of the claim and provided counsel a copy of Meritain's letter including the rationale for denial and the right to an administrative appeal.[1]

---

[1]In determining some of these facts, the Court considered a December 22, 2005, letter from Memorial to Whitcher's counsel that attached a December 21, 2005, letter from Meritain's predecessor to Memorial. The December 21 letter explains the basis for the denial of Whitcher's claim. Ordinarily, when matters outside the pleading is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may not consider the material unless it treats the motion to

3

Whitcher filed this lawsuit in the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois, against Meritain and Memorial. In Count I she alleges Meritain improperly denied her benefits under ERISA. In Count II against Meritain and Memorial, she seeks a declaration that she is entitled to payment of her medical expenses under the Plan. In Count III she alleges Memorial breached its contract to provide her with certain medical benefits. The defendants removed the case to federal court.

## III.    Meritain's Motion to Dismiss (Doc. 16)

Meritain seeks to dismiss Counts I and II on the grounds that Whitcher did not exhaust her administrative remedies under the Plan before filing suit and that it is not a proper defendant under ERISA. Meritain also seeks to dismiss Count II on the grounds that it is not pled with sufficient specificity and that it is duplicative of Whitcher's claim for benefits in Count I. The Court first turns to the question of whether Meritain is a proper defendant in this case, for if Meritain is not a proper defendant, whether Whitcher has otherwise properly pled her case is of no moment.

In Counts I and II, Whitcher seeks "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan" pursuant to § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Meritain is not a proper defendant in such causes of action. Such claims must generally be

---

dismiss as a motion for summary judgment and gives the parties fair warning that it is doing so and an opportunity to respond. However, there is an exception to this general rule where the attached material is expressly referenced in the complaint and is central to the plaintiff's claim. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Whitcher's complaint expressly references the denial of her post-surgery claim (Compl. ¶ 31), an event which is at the heart of her lawsuit. Therefore, the Court considers the December 22 letter and its attachment when ruling on this motion.

brought against the Plan itself, not the employer sponsor of the plan or the claims administrator. *See Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 674 (7th Cir. 2004) (citing *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872 n. 4 (7th Cir. 2001); *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1490 (7th Cir. 1996)). There is an exception to this general rule where the plan and the employer are closely intertwined and the employer serves as the plan administrator, in which case the court may also allow suits to recover benefits to proceed against the employer. *Mein v. Carus Corp.*, 241 F.3d 581, 584-85 (7th Cir. 2001); *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997), *see Neuma*, 249 at 872 n. 4. However, because Meritain is neither the Plan itself nor a closely intertwined employer Plan administrator, it is entitled to dismissal of any claim to recover Plan benefits, to enforce Plan rights, or to clarify rights to future Plan benefits pursuant to § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

Whitcher argues that she needs more discovery to determine whether Meritain is the Plan administrator. However, ERISA defines the plan administrator as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i). Section 1.66 of the Plan designated Memorial as the Plan administrator, § 10.2 gives Memorial the sole and absolute discretion to administer the Plan, and no further discovery could alter these facts. Furthermore, even if Meritain were the Plan administrator instead of the claims administrator, it is clearly not Whitcher's employer such that it might fall into the exception to the general rule for employer plan administrators that are closely intertwined with the plan. *See, e.g., Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 611 (7th Cir. 2007) (dismissing plan administrator who was not participant's employer where plan distinguished between the plan, employer, and plan administrator).

For these reasons, the Court will grant Meritain's motion to dismiss and need not address the other arguments raised in that motion.

### IV.  Memorial's Motion to Dismiss (Doc. 17)

Memorial asks the Court to dismiss Counts II and III on the grounds that Whitcher did not exhaust her administrative remedies under the Plan before filing suit. Memorial also seeks to dismiss Count II on the grounds that it is not pled with sufficient specificity and that it is duplicative of Whitcher's claim for benefits in Count I. It also seeks to dismiss Count III on the grounds that Whitcher's state law breach of contract claim is preempted by ERISA. Whitcher concedes that Court III should be dismissed, so the Court will only address the arguments relating to Count II.

#### A.  Exhaustion of Administrative Remedies

The parties agree that courts have the discretion to require exhaustion of administrative remedies as a prerequisite for filing an ERISA suit. *Gallegos v. Mt. Sinai Med. Ctr.*, 210 F.3d 803, 808 (7th Cir. 2000); *see Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 679 (7th Cir. 2002); *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 873 (7th Cir. 1997); *see* 29 U.S.C. § 1133(2) (requiring plans to provide opportunity for full and fair review of denied claims). Requiring exhaustion "minimiz[es] the number of frivolous lawsuits, promot[es] non-adversarial dispute resolution, . . . . decreas[es] the cost and time necessary for claim settlement" and "enables the compilation of a complete record in preparation for judicial review." *Gallegos*, 210 F.3d at 808. The parties also agree there is an exception to the exhaustion requirement where an administrative appeal would be futile. *Zhou*, 295 F.3d at 680 (citing *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996)); *Gallegos*, 210 F.3d at 808. In order to demonstrate a failure to exhaust is excused on the basis of futility, a plaintiff

must show that it is *certain* her claim will be denied on appeal; mere doubts about the success of an appeal are not enough. *Zhou*, 295 F.3d at 680.

Whitcher makes no statement in her complaint about whether she exhausted her administrative remedies. However, in her response to Memorial's motion, she implicitly concedes that she did not but argues that such exhaustion would be futile. She contends that her pleading is adequate because, although she does not mention exhaustion or its futility, she is not required to plead around anticipated but not yet pled affirmative defenses.

Whitcher is correct. "Because failure to exhaust administrative remedies is an affirmative defense, it cannot provide a basis for a motion to dismiss unless the plaintiff's complaint pleads him out of court." *Honeysett v. Allstate Ins. Co.*, 570 F. Supp. 2d 994, 1004 (N.D. Ill. 2008) (citing *Graham v. United Parcel Serv.*, 519 F. Supp. 2d 801, 807-08 (N.D. Ill. 2007)). Here, Whitcher does not plead herself out of court; she pleads nothing at all that affirmatively shows she failed to exhaust her administrative remedies. Therefore, dismissal is inappropriate at this stage for the simple fact that only the complaint is before the Court. The Court saves the exhaustion question for a later stage of this litigation. It further encourages Memorial to seek to limit discovery, to the extent possible, to the exhaustion issue and to file a summary judgment motion as soon as possible on the issue.

B. <u>Failure to Plead Claim</u>

With good reason, Memorial complains that Count II is too vague to alert them to what Whitcher is seeking and does not sufficiently plead facts showing a plausible basis for finding Memorial liable. Indeed, Count II incorporates allegations pled against Meritain, not Memorial, and asks for a declaratory judgment that the defendants pay some unspecified "medical expenses." It further does not plausibly suggest Memorial could be liable under § 502(a)(1)(B)

as the Plan administrator under the rule of *Mein v. Carus Corp.*, 241 F.3d 581, 584-85 (7th Cir. 2001), or under any other provision of ERISA  Indeed, Count II is not a model of clarity or precision and does not satisfy the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  However, because the Court believes Whitcher may be able to plead – with much greater clarity – an ERISA claim against Memorial, the Court will allow Whitcher to amend her complaint.

**V.      Conclusion**

For the foregoing reasons, the Court:

- **GRANTS** Meritain's motion to dismiss (Doc. 16) and **DISMISSES** Counts I and II against it **with prejudice**.  Meritain is terminated from this case;

- **GRANTS** Memorial's motion to dismiss (Doc 17) and **DISMISSES** Counts II and III against it **without prejudice** and with leave to amend;

- **ORDERS** that Whitcher shall have up to and including July 17, 2009, to file an amended complaint clearly alleging an ERISA claim against Memorial.  Whitcher need not seek leave of court to file an amended pleading.  Should Whitcher fail to timely amend her complaint, the Court will enter a final judgment of dismissal; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  June 22, 2009**

s/ J. Phil Gilbert
**J. Phil Gilbert**
**United States District Court Judge**
